IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ANTHONY ASKEW

Criminal No. 03-244-2
Civil Action No. 08-784
Electronically Filed

**ORDER OF COURT DENYING PETITIONER ANTHONY ASKEW'S
"MOTION TO ALTER OR AMEND JUDGMENT PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 59(E)" (DOC. NO. 276)
AND "MOTION FOR COMPLIANCE WITH FEDERAL RULES
OF CIVIL PROCEDURE 52" (DOC. NO. 277)**

On February 2, 2010, this Court entered an Order denying Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody ("Motion to Vacate") (Doc. No. 222), and denying his related motions as moot.  Petitioner now has filed a "Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure (59)E" (Doc. No. 276) ("Motion to Reconsider") and a "Motion for Compliance with Federal Rules of Civil Procedure 52" (Doc. No. 277).  Response thereto by the government is not necessary as both motions are without merit and will be summarily denied.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  A court may properly grant a motion for reconsideration for any of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice.  North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  "'Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly;  the parties are not free to relitigate issues the court

has already decided.' Rottmund v. Continental Assurance Co., 813 F.Supp. 1104, 1107 (E.D.Pa. 1992)." Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D.Pa. 1998).  See also Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc., 2001 WL 41131, *2 (E.D.Pa. 2001) (same).

Also, a motion for reconsideration is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment."  Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D.Pa. 1992).  See also Williams, 32 F.Supp. 2d 39 ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993)").  These general rules apply fully when considering a motion to reconsider a court's decision denying habeas corpus relief.  See e.g., Bacon v. Carroll, 2009 WL 3156751, *1 (D.Del. 2009);  Griffin v. Hogsten, 2007 WL 1811222, *1 (M.D.Pa. 2007).

Petitioner's Rule 59(e) Motion to Reconsider identifies only one issue as illustrative of this Court's alleged errors, namely, the Court's misinterpretation and erroneous application of Fed.R.Crim.P. 41(f) regarding the procedures for execution of a search warrant.  (Doc. No. 276) at ¶ 3.  Petitioner further states that his request for reconsideration is based on clear errors of law, as previously set forth – and considered by this Court – in his Motion to Vacate and his briefs in support. (Doc. No. 276), at p. 4.  Because petitioner is simply attempting to relitigate his Motion to Vacate based on the same arguments and factual assertions this Court already has considered in finding petitioner is not entitled to relief under 28 U.S.C. § 2255, his Motion to Reconsider

must be denied.

Petitioner's Motion for Compliance with Fed.R.Civ.P. 52(a) also will be denied. Rule 52(a) requires a district court to "find the facts specifically and state its conclusions of law separately" in "an action tried on the facts without a jury or with an advisory jury . . . ." Fed.R.Civ.P. 52(a). Rule 52(a) obviously has no bearing on a district court's decision on whether or not to conduct a hearing on a Motion to Vacate under section 2255, but even if it did, this Court's Memorandum Opinion (Doc. No. 274) and Order denying the Motion to Vacate (Doc. No. 275) certainly would satisfy the separate findings and conclusions of law requirement.

Accordingly,

AND NOW, this 18th day of February, 2010, petitioner's "Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure 59(e)" (Doc. No. 276) and his "Motion for Compliance with Federal Rules of Civil Procedure 52" (Doc. No. 277) are HEREBY DENIED.

                                                  s/ Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

cc:
all counsel registered on ECF

AnthonyAskew, Pro Se Petitioner
07967-068
USP Hazelton
PO Box 2000
Bruceton Mills, WV 26525