IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

v.

**ANTHONY ASKEW**

Criminal No. 03-244-2

# ORDER DENYING ANTHONY ASKEW'S
# MOTION TO VOID JUDGMENT (DOC. NO. 312)

Before the Court is the most recent motion filed by Movant, Anthony Askew, which he has titled, "Motion to Void Judgment for Lack of Jurisdiction for Fifth Amendment Grand Jury Clause, F.R.Cr.P. 6 Violations, and Motion for Grand Jury Records and List of Jurors['] Names Who Voted the Indictment." Doc. No. 312. However, the Court has carefully examined this document and has determined that the document (doc. no. 312) is nothing more than a second attempt to litigate an issue which Defendant failed to raise in his original § 2255 Petition. Because of this, the Court will deny the Motion and finds no need to Order a response from the Government.

In addition, the Court finds no need for an evidentiary hearing as the record conclusively establishes that the Petitioner is not entitled to the relief sought in the petition, and thus, would not be entitled to a hearing under 28 U.S.C. § 2255.

**I. Background**

Anthony Askew was indicted on September 30, 2003. Doc. No. 1. On March 2, 2004, a superseding indictment which contained additional offenses pertaining to Anthony Askew was filed. Doc. No. 34. Following a jury trial before this Court, on June 4, 2004, the jury returned a guilty verdict as to Anthony Askew (and others) for the crimes of bank robbery, armed bank

robbery, and carrying a firearm during a crime of violence.  See text entry of June 4, 2004.

This Court held a sentencing hearing on October 28, 2004, and sentenced Anthony Askew to a term of imprisonment of 1,124 months.  Doc. Nos. 166-167.  On November 4, 2004, Anthony Askew filed an Appeal with the United States Court of Appeals for the Third Circuit.  Doc. No. 168.  On October 26, 2008, the Court of Appeals affirmed this Court's October 28, 2004 Judgment.  Doc. No. 218.  On October 19, 2007, the United States Supreme Court denied Anthony Askew's Petition for Writ of Certiorari, rendering this Court's October 28, 2004 Judgment final.  Doc. No. 220.

On June 6, 2008, Anthony Askew timely filed a petition pursuant to 28 U.S.C. § 2255.  Doc. No. 222.  Shortly thereafter, this Court received several other Motions filed by Anthony Askew.  See, *e.g.*, Doc. Nos. 223, 224, 226, 227, 256, and 264.  After obtaining a response to the § 2255 Motion and other Motions, on February 2, 2010, this Court entered an Opinion and Order denying Anthony Askew's Motion to Vacate pursuant to 28 U.S.C. § 2255.  Doc. Nos. 274-275.

On February 17, 2010, Anthony Askew appealed this Court's denial of his § 2255 Petition.  Doc. No. 279.  On July 27, 2010, the Court of Appeals for the Third Circuit denied his request for a Certificate of Appealability, finding that he had not made a substantial showing of the denial of a constitutional right.  Doc. No. 289.

On May 23, 2012, Anthony Askew filed the instant "Motion to Void Judgment for Lack of Jurisdiction for Fifth Amendment Grand Jury Clause and F.R.Cr.P. 6 Violations[,] and Motion for Grand Jury Records and List of Jurors['] Names Who Voted the Indictment."  Doc. No. 312.

In the instant Motion, the Movant, Anthony Askew suggests that the indictment procedure "failed to meet the standards of Fed.R.Cr.P. 6 and the Fifth Amendment in that any indictment brought had not be 'found' by the requisite 12 jurors of the Grand Jury."  Doc. No.

312, p. 1. In support of his contentions, he relies almost exclusively on the "Statistical Report, United States Attorney's Office (Fiscal Years 1976 through 1996)," which, he argues illustrates a downward trend of "No True Bills" during that time period. He claims that the downward trend is evidence of grand juries "rubber stamp[ing]" federal prosecutors' decisions to charge a defendant, which, in turn illustrates a lack of independence in grand jury proceedings. Id. He then concludes that "the grand jury protections" have been nullified, and were specifically nullified in in his case. Id.

## II. Discussion

The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process. *United States v. Mechanik,* 475 U.S. 66, 75 (1986).

Here, the Movant fails to allege any facts controverting the presumption of grand jury regularity specific to his own case. Instead, the Movant argues that based on the statistics, (which the Movant contorts to suit his claim of bias and impropriety), all of the grand juries – not just the one which issued his indictment – have become puppets of the United States Attorney's Office. The Movant offers no evidence that there was any sort of impropriety on the part of the Grand Jury in this case.

Additionally, in *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256 (1988), the United states Supreme Court held that dismissal of an indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is "grave doubt" that the decision to indict was free from the substantial influence of such violations). In *Bank of Nova Scotia* the Supreme Court considered whether, despite a grand

jury's independence, there was any misconduct by the United States Attorney's Office "that otherwise may have influenced substantially the grand jury's decision to indict" and whether there was "grave doubt" as to whether the grand jury's decision to indict was so influenced. *Id.* at 259. In the *Bank of Nova Scotia* case, there were several specific allegations, and evidence of specific actions taken by the United States Attorney's Office which "might have been relevant to an allegation of a purpose or an intent to abuse the grand jury process," but nevertheless, the Supreme Court held that even those alleged breaches could not have affected the <u>charging</u> decision.

Again, in the instant matter, the Movant offers nothing specific that occurred with respect to his Grand Jury Proceedings. He does not suggest any sort of specific wrongdoing on the part of the prosecutors before, during or after the charges were brought before the Grand Jury in his own case. Instead, he simply relies on a statistical report to allege and conclude that impropriety exists in all cases and thus, must encompass his own.

In addition to the above, the United States Court for the Eastern District of Pennsylvania in *United States v. Rodriguez* noted, "[W]hether the two pending motions – the Rule 6(e) motion for production of grand jury records, and the motion for relief from judgment based on fraud – should be denied for lack of merit or dismissed for lack of jurisdiction is a difficult question. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal district court lacks jurisdiction to entertain a second or successive § 2255 motion for post-conviction relief unless the petitioner is first granted permission by the appropriate Court of Appeals to file the second or successive motion." *Rodriguez,* 2012 WL 162297, *3 (E.D. Pa. January 18, 2012), citing, 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Benchoff v. colleran,* 404 F.3d 812, 815-16 (3d Cir. 2005).

Here, like the movant in *Rodriguez*, the Movant has not sought or been granted leave of the United States Court of Appeals for the Third Circuit to file this pending Motion. If this Court were to construe the current Motion as a successive § 2255 Petition, it would be denied do to the Movant's failure to obtain the requisite permission to file same. However, given that the Movant seeks to have his judgment voided, a type of relief sought via a § 2255 Petition, convinces this Court to construe the current Motion pending as a second or successive § 2255 Petition. As such, this Court will dismiss the current Motion for lack of subject matter jurisdiction.

**ORDER**

AND NOW, this 13th day of June, 2012, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's "Motion to Void Judgment for Lack of Jurisdiction for Fifth Amendment Grand Jury Clause, F.R.Cr.P. 6 Violations, and Motion for Grand Jury Records and List of Jurors['] Names Who Voted the Indictment" (Doc. No. 312) is hereby DISMISSED for lack of subject matter jurisdiction.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties

Anthony Askew, Pro Se Petitioner
07967 068
USP Hazelton
PO Box 2000
Bruceton Mills, WV 26525